UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gustavo Betancourt,<br>Plaintiff,<br>v.<br>Commissioner of Social Security,<br>Defendant. | No. 1:21-cv-661-JLT-GSA<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. 406(b)<br><br>(ECF No. 34) |

Plaintiff's counsel Jonathan O. Peña moves for an award of attorney fees pursuant to 42 U.S.C. § 406(b). ECF No. 34. Defendant filed a response summarizing the applicable law but took no position on the merits of the motion. ECF No. 35.

**I. <u>Background</u>**

Plaintiff entered into a contingent fee agreement with counsel which provides for attorney fees of up to 25% of the past due benefits awarded. ECF No. 34-3, 8 (See, Exh. B). The agreement also provides that counsel would seek fees pursuant to the Equal Access to Justice Act (EAJA), fees which would be refunded in the event of an award of past due benefits and payment of the 25% contingency fee. <u>Id.</u>

Plaintiff filed a complaint in this Court appealing the Commissioner's decision denying her application for benefits. Plaintiff filed a motion for summary judgment. ECF No. 27. Defendant did not file a response. Rather, the parties stipulated to remand the matter pursuant to 42 U.S.C.

Section 405(g) Sentence Four. ECF No. 29. Judgment was entered for Plaintiff. ECF No. 30–31.

Plaintiff's counsel was awarded $4,424.88 under the Equal Access to Justice Act. ECF No. 33.

On remand the agency determined that Plaintiff was disabled and entitled to past-due benefits. ECF No. 34-2. It is not clear where in the 35-page award notice it specifies a total award of $80,278.12, or an attorney fee withholding of $20,069.53 by the agency. Rather, Plaintiff cites "Exhibit A," the 35-page award letter. Mot. at 3. Presumably it was manually calculated based on each monthly payment amount specified in the award. See e.g. ECF No. 34-2 at 17 (stating the monthly benefit from January to March 2019 of $674.72 per month). There is no dispute between the parties that Plaintiff's numbers are correct.

## II. Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, et seq] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the

character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *Vazquez v. Com'r of Soc. Sec.*, No. 1:17-CV-1646-JLT, 2020 WL 2793059, at *2 (E.D. Cal. May 29, 2020).

**III.** **Analysis**

Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely an order of remand, entry of judgment, and ultimately a substantial award of past due benefits. There is no indication that counsel engaged in dilatory conduct, excessive delay, or substandard performance.

Counsel's itemized bill reflects 21 hours of attorney time to review the administrative record and draft a motion for summary judgment, which is a reasonable time expenditure for the performance of those tasks. ECF No. 34-4.

The effective hourly rate amounts to $955.69 per hour, which is within the upper limits of reasonableness. *See Malta v. Comm'r of Soc. Sec.*, No. 1:18-CV-00415-CDB, 2024 WL 3618430, at *3 (E.D. Cal. Aug. 1, 2024) (collecting cases and finding that "hourly rate of $1,553.87 is within the upper boundaries of reasonableness."); *Coder v. Comm'r of Soc. Sec.*, No. 1:20-cv-00497-CDB, 2024 WL 1742026, at *3 (E.D. Cal. Apr. 23, 2024) (reducing de facto hourly rate of $3,532.87 to $1,500.00 per hour); *Reyna v. Comm'r of Soc. Sec.*, No. 1:22-CV-00484-SAB, 2024 WL 4453046, at *2 (E.D. Cal. Oct. 9, 2024) (approving de facto hourly rate of $1,326.57 per hour); *Langston v. Saul*, No. 1:18-CV-00273-SKO, 2020 WL 4501941, at *3 (E.D. Cal. Aug. 5, 2020) ($1,453.42 per hour).

This award would not amount to a windfall. In matters subject to section 42 U.S.C. 406(b), the lodestar is merely a guidepost, and a comparatively high effective hourly rate is generally warranted to compensate counsel for the risk assumed in representing social security claimants. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

The $20,069.53 total amount is also consistent with total contingent fee awards granted under section 406(b). *See, e.g.*, *Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB,

2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) ($24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) ($20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500).

Considering the character of the representation, the result achieved, and the fee amounts awarded in similar cases, the request here is reasonable.

Accordingly, it is **RECOMMENDED** as follows:

1. That Counsel's motion for attorney fees pursuant to 42 U.S.C. 406(b) (ECF No. 34) be **GRANTED**.
2. That the Commissioner be **DIRECTED** to certify a payment of a gross award in the amount of $20,069.53 to: Jonathan O. Peña.
3. That Jonathan O. Peña be **DIRECTED** to refund directly to Plaintiff Gustavo Betancourt the EAJA fee previously awarded in the amount of $4,424.88.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson, 772 F.3d 834, 838-39 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 2, 2026**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE